**Larry Wayne CLIFTON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 585S186.

Supreme Court of Indiana.

Nov. 6, 1986.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Larry Wayne Clifton was tried by a jury and convicted of dealing in a narcotic drug, a class B felony. Ind.Code § 35–48–4–1 (Burns 1985 Repl.). He was sentenced to ten years imprisonment, enhanced by thirty years based upon the jury's finding that he was an habitual offender. Ind.Code § 35–50–2–8 (Burns 1985 Repl.). Clifton now appeals his conviction, raising the following issues:

1) Whether there was sufficient evidence to support the conviction, and

2) Whether the trial court erred in denying his motion for a mistrial when a State's witness mentioned the defendant's involvement in an earlier investigation.

These are the facts which support the trial court's judgment. In April 1984, acting on information received from a reliable confidential informant, Indianapolis Police Detectives Johnson, Patterson, Terrell and Blackwood went to an Indianapolis tavern known to be frequented by users and dealers of narcotics. Upon arriving, Detective Johnson saw the subject of the tip, identified in court as Clifton, standing on the passenger side of a white truck parked outside the tavern. When the officers approached the vehicle, Detective Blackwood saw appellant exchange something with the driver of the vehicle, James Kelly. Officer Terrell also witnessed this exchange.

Blackwood approached the driver's side of the vehicle and was only a foot and a half from the truck when he observed Kelly toss a tin foil "bindle" [1] in his mouth and swallow it. Though Blackwood struggled with Kelly, he was unsuccessful in preventing the destruction of the evidence. Kelly subsequently told Blackwood that he had purchased the heroin for his girlfriend,

though he disavowed this statement at trial.

Meanwhile, Detective Johnson approached the passenger side of the truck, and Clifton jumped back from the window. Seeing money in Clifton's hand, Johnson followed him to the front of the truck and saw him throw some tin foil on the ground. Johnson apprehended Clifton and took forty dollars from him.

Officer Terrell also saw defendant move his arm as though throwing something but did not see the actual object thrown. Terrell recovered a tin foil package from the street in front of defendant. Upon inspection, the package was found to contain seven smaller tin foil bindles, each containing a powder resembling heroin. All three officers testified that, in their experience, heroin was commonly packaged this way and a common heroin user would carry no more than two bindles. They estimated the cost of a bindle to be between thirty and fifty dollars. Chemical tests performed by Indianpolis Police forensic chemist Shaw revealed that the powder contained in the bindles was diluted herion.

*I. Sufficiency of the Evidence*

When reviewing the sufficiency of the evidence, we look only to the probative evidence supporting the verdict and the reasonable inferences therefrom to determine whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. If so, we will affirm the conviction. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Appellant argues that the State failed to prove that the substance sold to Kelly was heroin. Chemical analysis of the bindle showing it to contain heroin would constitute direct proof of this element of the crime and has been found to be sufficient. *Hunt v. State* (1984), Ind., 459 N.E.2d 730. Of course, such proof was impossible in

---

**1.** A "bindle" is street parlance for heroin packaged by individual dose in small tin foil squares for sale or distribution.

this case because Kelly had swallowed the evidence.

Even though the contraband is not recovered, the identity of a drug can be proven by circumstantial evidence. *Warthan v. State* (1982), Ind., 440 N.E.2d 657; *Copeland v. State* (1982), Ind.App., 430 N.E.2d 393. The type of circumstantial evidence usually contemplated is the testimony of someone experienced with the drug who identifies the substance. *See e.g., Thorne v. State* (1973), 260 Ind. 70, 292 N.E.2d 607. In fact, convictions supported by circumstantial evidence have relied on the testimony of past drug users who actually ingested the drug in question and identified it based on its effects. *Id.* To affirm a conviction based on this type of circumstantial evidence, the evidence must consist of the opinion testimony of someone sufficiently experienced with the drug. *Slettvet v. State* (1972), 258 Ind. 312, 280 N.E.2d 806.

This does not mean that proof by circumstantial evidence is within the exclusive realm of experienced drug users; other circumstantial evidence may be sufficient. Visual identification of the drug alone, though not *per se* insufficient, has never been held sufficient to support a conviction in Indiana. *Copeland*, 430 N.E.2d 393. In those cases finding visual identification insufficient, the unidentified substance had no distinctive appearance. *Warthen*, 440 N.E.2d 657; *Copeland*, 430 N.E.2d 393. In this case, the officers identified the distinctive appearance of the substance as resembling a bindle of heroin. In addition to this visual identification, the conviction is supported by Kelly's statement that the heroin was purchased for his girlfriend and even more substantially supported by Clifton's possession of seven similar bindles, all containing heroin. The jury could reasonably infer that the bindle swallowed by Kelly also contained heroin. The verdict is supported by sufficient evidence.

## II. Denial of Mistrial

Appellant's second allegation of error is predicated upon the trial court's denial of his motion for mistrial. In response to a question by defense counsel on cross-examination, Officer Terrell stated, "Mr. Clifton saw us which he know (sic) us as being narcotic policemen from my past investigation." Defense counsel immediately moved for a mistrial. The trial court denied the mistrial and admonished the jury to disregard Terrell's statement.

Ruling on a motion for mistrial is a matter committed to the sound discretion of the trial court. That discretion will be disturbed only if the defendant was placed in a position of grave peril to which he should not have been subjected. *Morgan v. State* (1981), 275 Ind. 666, 419 N.E.2d 964. Admonishing the jury to disregard the objectionable conduct is presumed to protect the defendant's rights and cure any error. *Manns v. State* (1985), Ind., 472 N.E.2d 918.

Appellant argues he was placed in a position of grave peril because Terrell's statement was a deliberate attempt to prejudice the jury against him, thus constituting an evidentiary harpoon. *Pinkston v. State* (1982), Ind., 436 N.E.2d 306. He claims the reference to an earlier investigation permissible evidence of prior criminal activity. Clifton is correct that such evidence is not generally admissible. *Jenkins v. State* (1985), Ind., 474 N.E.2d 84. However, Terrell's statement does not refer to Clifton as the subject of a criminal investigation or give any indication of criminal activity on his part. Further, the statement does not appear to be deliberate; it was made in response to defense counsel's repeated questioning regarding appellant's actions following the arrival of the officers. We conclude that the trial judge's admonition was an adequate curative and the trial court did not abuse its discretion in denying Clifton's motion for mistrial.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.