**Steven L. SMALLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff**

**No. 02A03–0001–CR–13.**

Court of Appeals of Indiana.

Aug. 8, 2000.

Charles F. Leonard, Fort Wayne, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Attorneys for Appellee.

## OPINION

BARNES, Judge

### Case Summary

Steven Smalley appeals his conviction for dealing in cocaine as a class A felony,

pursuant to Ind.Code § 35–48–4–1. We affirm.

## Issue

Smalley presents one issue on this appeal, which we restate as whether there was sufficient evidence to support the jury's verdict.

## Facts

The facts most favorable to the verdict are as follows. On August 6, 1999, Smalley approached a car driven by undercover Detective Jay Thompson of the Fort Wayne Police Department and asked Thompson if he "wanted to party." Record, p. 155. Thompson said he did, and Smalley entered Thompson's car. Smalley then asked Thompson if he wanted to get some "dope" and Thompson said "sure." Thompson gave Smalley a total of $ 50.00 to be used for the drug buy. After several failed attempts to acquire drugs, Thompson tried to rid himself of Smalley, but Smalley insisted that he knew another place where he could make a purchase. After Smalley directed Thompson to drive to an apartment complex, Smalley saw a woman he knew, Charlotte Hodge, walking along the street.[1]

Smalley had a brief conversation with Hodge, who told Smalley and Thompson that she would "take you guys to get what you want to get." Record, p. 161. After arriving at the apartment complex, Smalley gave Hodge $ 30.00 of the $ 50.00 that Thompson had provided. Hodge took this money, went to an apartment building, and walked back toward the car. Before Hodge reached the car, Smalley exited and met Hodge halfway. Hodge gave Smalley a plastic bag containing a white chunky substance he testified was cocaine, and which Thompson believed to be crack cocaine, and Smalley then gave Hodge the other $ 20.00 to make an additional purchase. After returning to the car Smalley gave the bag to Thompson, who put it on the console, and stated that Hodge was "going to get a little more for us." Record, p. 166. Hodge then returned to the car and handed Thompson a bag identical to the first one Smalley had handed him.

Over the vocal objections of both Thompson and Hodge, Smalley made a makeshift pipe out of a beer can and used it to smoke the white chunky substance in the bag he had first given to Thompson. The substance in the second bag brought into the car by Hodge remained intact. A uniformed officer then stopped Thompson's car, and both of the plastic bags used to hold the white chunky substance, one of which was now empty except for residue, were placed in a single evidence bag. An Indiana State Police chemist later tested the substance in the evidence bag and determined it to be cocaine, though she testified that she had tested the intact white substance and not the residue.

Smalley was charged with one count of dealing in cocaine as a class A felony under I.C. § 35–48–4–1, due to the now uncontested fact that the delivery occurred within 1,000 feet of an elementary school. The State did not specify in the information whether the charge was based on cocaine Thompson received from Smalley or Hodge, but it proceeded under two theories at trial: that Smalley was guilty of this offense through Smalley's first delivery directly to Thompson, or through Hodge's delivery to Thompson. The jury returned a general verdict finding Smalley guilty of dealing in cocaine as a class A felony without specifying which theory was relied upon in reaching that conclusion, and the trial court accordingly entered a judgment of conviction.

## Analysis

Smalley contends the State failed to prove beyond a reasonable doubt that he

---

1. Smalley's brief repeatedly refers to Hodge as an "unknown female," though her identity is clearly established in the record along with her arrest for dealing in cocaine at the same time as Smalley. Smalley apparently is referring to Hodge as an "unknown female" because of his testimony at trial that, contrary to Detective Thompson's testimony, he did not know Hodge at the time.

delivered cocaine to Detective Thompson because the State Police chemist only tested the intact white chunky substance that came from the bag handed directly to Thompson by Hodge and did not test the residue from the bag handed directly to Thompson by Smalley. Thus, Smalley claims there was no evidence that he ever delivered cocaine to Thompson.

When reviewing a conviction for sufficiency of the evidence, this Court looks to the evidence most favorable to the State and all of the reasonable inferences to be drawn from such evidence. *Shane v. State,* 716 N.E.2d 391, 395–396 (Ind.1999). We will affirm unless there is no way a reasonable trier of fact could have found the defendant guilty. *Id.* We neither reweigh the evidence nor assess the credibility of witnesses, but rather look to the evidence to determine whether there was substantive probative evidence to support the judgment. *Id.*

As noted, the State proceeded upon two theories at trial in support of a single charge and the jury returned a general verdict finding Smalley guilty. Therefore, in order to address any possible concerns that the jury might conceivably have convicted Smalley pursuant to a theory not supported by substantive probative evidence, we will analyze both of the State's theories because we believe the evidence overwhelmingly supports Smalley's conviction under either of them.

First, with respect to whether it was sufficiently proven that the substance Smalley first handed to Thompson, which he subsequently smoked, was cocaine, the identity of a drug can be proven by circumstantial evidence even though the contraband itself is not recovered. *Clifton v. State,* 499 N.E.2d 256, 258 (Ind.1986). While the type of circumstantial evidence usually contemplated for this purpose is the opinion testimony of someone sufficiently experienced with the drug, "[t]his does not mean that proof by circumstantial evidence is within the exclusive realm of experienced drug users; other circumstantial evidence may be sufficient." *Id.*

We note there seems to be some question in Indiana about the use of circumstantial evidence aside from opinion testimony for purposes of proving a drug's identity. In 1972, our supreme court held that where there is no chemical analysis of a substance "there *must* be testimony of someone sufficiently experienced with the drug indicating that the substance was indeed a dangerous drug." *Slettvet v. State,* 258 Ind. 312, 316, 280 N.E.2d 806, 808 (1972) (emphasis added). Subsequent opinions indicated that such testimony would have to come from a qualified expert (and such an expert may be a drug addict), who would have to reveal how he or she came to identify the drug, whether it was from distinguishing visual characteristics or physiological reactions to the drug, for example. *See Copeland v. State,* 430 N.E.2d 393, 395–96 (Ind.Ct.App.1982).

Our supreme court modified the *Slettvet* holding by its holding in *Clifton,* in that opinion testimony by one experienced with a drug is no longer required to prove the identity of a drug by circumstantial evidence. In *Clifton,* the defendant's conviction for dealing in heroin, based upon a package of heroin that a third party swallowed, was affirmed in the absence of the introduction of the contraband where police officers testified that the package had a distinctive appearance identifying it as containing heroin, the third party told police he had purchased heroin for his girlfriend, and the defendant was in possession of seven similar packages that tested positive for heroin. *Clifton,* 499 N.E.2d at 258.

However, in several decisions of this Court post-dating *Clifton,* the *Slettvet* holding quoted above was cited as controlling authority without reference to the alteration of that holding in *Clifton. See Reynolds/Herr v. State,* 582 N.E.2d 833, 840 (Ind.Ct.App.1991) (reversing conviction for possession of cocaine where defendant's extra-judicial statement indicating

possession was uncorroborated); *McConnell v. State*, 540 N.E.2d 100, 103 (Ind.Ct. App.1989) (affirming conviction for possession of paraphernalia based on experienced police officer's testimony that pipe possessed by defendant contained marijuana); *Willis v. State*, 528 N.E.2d 486, 488 (Ind. Ct.App.1988) (reversing conviction for dealing in schedule I, II, and III controlled substances due to insufficient evidence that substances sold were proscribed substances).

Regardless of whether application of the *Clifton* rule in *Reynolds/Herr* and *Willis* would have led to affirmance rather than reversal of the defendants' convictions, we believe, in light of *Clifton*, that it is inaccurate to state that opinion testimony from one experienced with a drug *must* be produced for purposes of identifying a drug in the absence of chemical analysis. Rather, as *Clifton* held, other types of circumstantial evidence may suffice for drug identification as well.

■ Here, the circumstantial evidence provides clear support for a finding that the substance Smalley first handed to Thompson was in fact crack cocaine: (1) most significantly, Smalley testified during his trial that he was a drug addict and that the substance was cocaine; (2) Detective Thompson, who has been involved in "hundreds" of drug investigations, believed the material that Smalley smoked was crack cocaine; (3) the white chunky substance that Smalley smoked appeared to be identical to the substance in the second bag that Hodge obtained; (4) Hodge obtained both the first and second bags from the same source within a span of a few minutes; (5) under chemical analysis, the white chunky substance in the second bag was determined to be cocaine, a finding that Smalley does not dispute. While any one of these facts standing alone may not have been sufficient evidence that the substance in the first bag handed to Thompson was crack cocaine,[2] in totality they support such a conclusion beyond a reasonable doubt. The evidence thus supports a finding of guilty on the State's first theory of criminal liability.

■ Second, in order to convict Smalley of dealing in cocaine with respect to the bag that Hodge handed Thompson, the State had to prove that Smalley "delivered" cocaine to Thompson.[3] "Delivery" is defined as "(1) an actual or constructive transfer from one (1) person to another of a controlled substance, whether or not there is an agency relationship; or (2) the organizing or supervising of an activity described in subdivision (1)." I.C. § 35–48–1–11. The jury was given a closing instruction that followed this language. Utilizing this definition of "delivery," we believe the evidence clearly supports a finding that Smalley, at the least, organized Hodge's transfer of cocaine to Thompson. Therefore, a finding of guilty under this theory is proper.

Under I.C. § 35–48–4–1, possession of cocaine is not required to support a conviction for dealing in cocaine, nor did the information filed in this case state that

**2.** Neither Smalley (of course) nor Thompson were "qualified" by the State as expert witnesses with regard to identification of crack cocaine, nor did they provide particulars as to how they identified the drug aside from their different past experiences with the drug. Thus, Smalley's and Thompson's testimony independently of each other and the other circumstances might have been insufficient to prove the substance was cocaine under the *Slettvet-Copeland* rationale. However, we note with respect to Smalley's testimony that a judicial admission by a defendant may be utilized as evidence of a substance's nature, *Morris v. State*, 604 N.E.2d 665, 669 (Ind.Ct.

App.1992), though we need not address here whether such an admission by itself would be sufficient. Also, both *Clifton* and the *McConnell* case cited above indicate that testimony of an experienced police officer, such as Thompson, is relevant and admissible for purposes of drug identification without any particular expert qualification.

**3.** The relevant portion of the statute provides that "[a] person who ... knowingly or intentionally: ... delivers ... cocaine ... commits dealing in cocaine...." I.C. § 35–48–4–1.

Smalley was in possession of cocaine. Thus, it is immaterial that there was no evidence before the jury that Smalley ever possessed the cocaine that Hodge handed to Detective Thompson. By his actions, Smalley "delivered" cocaine to Thompson according to I.C. § 35–48–1–11 when he (1) offered to obtain some "dope" for Thompson; (2) insisted on continuing to try to obtain some even after Thompson wished to stop; (3) recruited Hodge to help him in his quest; and (4) gave Hodge $ 20 originally provided by Thompson in order to facilitate her purchase of a substance that chemical analysis revealed to be cocaine.

██ At trial, Smalley attempted to disassociate himself from Hodge's acquisition of the cocaine that she handed to Thompson. Among other things, he testified that Thompson originally approached him and asked whether he could get some "dope," that he was only interested in "getting high," that he did not know Hodge, and that he had never handed the first plastic bag to Thompson. This conflicted with Detective Thompson's testimony, thus requiring the jury to make credibility determinations. It is well settled that it is the jury's exclusive prerogative to weigh conflicting evidence, *Soward v. State*, 716 N.E.2d 423, 425 (Ind.1999), and thus we will not interfere with the jury's decision.

Moreover, in Smalley's own testimony he admitted thinking that he could get "some" for Thompson in addition to some for himself, and that he gave Hodge the additional $ 20 of Thompson's money in order to "get another piece of dope." Record, p. 228. The evidence was, therefore, also sufficient to convict Smalley of dealing in cocaine on the theory that he organized Hodge's transfer of cocaine to Thompson.

### Conclusion

We hold there was sufficient evidence to support Smalley's conviction for dealing in cocaine, regardless of whether the jury chose to find him guilty based on his direct transfer of a package of cocaine to Detective Thompson or on his organization of Hodge's transfer of cocaine to Thompson.

The evidence supports either theory and the judgment of conviction is accordingly affirmed.

Affirmed.

SHARPNACK, C.J., and ROBB, J., concur.