

**FILED**
May 26 2015, 8:54 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Bowman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 26, 2015

Court of Appeals Case No.
21A04-1404-CR-180

Appeal from the Fayette Circuit
Court; The Honorable Beth A.
Butsch, Judge;
21C01-1310-FA-768

**May, Judge.**

[1] William Bowman appeals his conviction of and sentence for Class A felony dealing in a narcotic within 1,000 feet of a school[1] and his adjudication as an habitual offender.[2] As the State did not prove Bowman committed Class A felony dealing in a narcotic within 1,000 feet of a school, we reverse.

## Facts and Procedural History

[2] On October 29, 2012, Ciji Angel, who had previously agreed to be a confidential informant, contacted Detective Scott Phillips. She claimed she had just purchased heroin from Bowman, with whom she periodically lived. She offered to complete a controlled buy of heroin from Bowman. Detective Phillips agreed and met Angel in the parking lot of an elementary school located not far from where Angel and Bowman lived.

[3] When Detective Phillips arrived, Angel gave him heroin that she claimed Bowman had sold to her earlier that day. Detective Phillips then searched Angel's purse and pockets, performed a pat down, and placed an audio/video recording device in Angel's purse. He did not search inside Angel's clothes because a female officer was not present. He gave Angel $160.00 in unmarked money and directed her to complete the controlled buy.

[4] Angel went to Bowman's apartment and came back with a substance in a baggie. Angel gave it to Detective Phillips, who did not field test it but testified

---

[1] Ind. Code § 35-48-4-1 (2006).

[2] Ind. Code § 35-50-2-8 (2005).

it "look[ed] like heroin." (Tr. at 157.) The substance was not tested by the crime laboratory. The State charged Bowman with Class A felony dealing in a narcotic within 1,000 feet of a school, and it alleged Bowman was an habitual offender.

[5] On March 18, 2014, a jury found Bowman guilty as charged and adjudicated him an habitual offender. On April 11, the trial court sentenced Bowman to forty-five years.

## Discussion and Decision

[6] When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the fact-finder's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the fact-finder's verdict. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the fact-finder's decision. *Id.* at 147.

[7] To prove Bowman committed Class A felony dealing in a narcotic within 1,000 feet of a school, the State was required to prove he knowingly or intentionally

possessed a narcotic, in this case heroin, with the intent to deliver that narcotic within 1,000 feet of a school. Ind. Code § 35-48-4-1 (2006). The State did not prove the substance Angel gave Detective Phillips was heroin, as Detective Phillips did not field test the substance and the crime laboratory did not test it.

[8] The identity of a drug may be determined based on field testing or chemical lab testing. *Bellamy v. State*, 259 Ind. 254, 256, 286 N.E.2d 401, 403 (1972). In some instances, the identification of an illegal substance can be established based on the witness' experience with the substance if the circumstances of the identification support the conclusion the witness' identification is reliable. *Vasquez v. State*, 741 N.E.2d 1214, 1216-17 (Ind. 2001). Other circumstantial evidence may be sufficient to prove the identity of a substance without chemical lab testing. *Smalley v. State*, 732 N.E.2d 1231, 1234 (Ind. Ct. App. 2000). There was, however, no such evidence in this case.

[9] Detective Phillips did not field test the substance that was obtained as a result of the "controlled" buy.[3] In *Vasquez*, our Indiana Supreme Court upheld Vasquez's conviction of Class B misdemeanor inhaling toxic vapors. Police testified the substance they discovered in Vasquez's possession smelled and

---

[3] While we find dispositive the insufficiency of the evidence against Bowman, we note there existed multiple peculiarities with the procedure preceding and following Angel's controlled buy. Angel was not searched under her clothes, which Detective Phillips implied was normal procedure when a female officer is present. Angel and Detective Phillips testified Angel often kept her personal stash of drugs in her bra. Detective Phillips did not mark the money he gave Angel, and he testified regarding why he did not do so, "I know the money's not coming back; we're not going to do an arrest that night. If we were going to do an arrest I would mark it and uh take copies of it." (Tr. at 157.) Finally, there existed no clear audio recording of a drug-related transaction.

looked like toluene, a substance listed under Ind. Code § 35-46-6-2(2)(A) as a prohibited inhalant.

[10]    The Court held: "Although chemical analysis is one way, and perhaps the best way, to establish the identity of a compound, persons experienced in the area may be able to identify cigarette smoke, marijuana, and even toluene. This is true even if every citizen may not be up to that task." *Vasquez*, 741 N.E.2d at 1216-17. Unlike toluene, heroin does not have a distinct smell. Officer Phillips did not field test the substance Angel claimed she obtained from Bowman during the "controlled" buy, and he testified only that it "look[ed] like heroin." (Tr. at 157.)

[11]    In *Smalley*, we upheld Smalley's conviction of dealing in cocaine even though the confidential informant had ingested it. We held the circumstantial evidence presented by the State was sufficient to prove Smalley dealt in cocaine. Smalley himself testified the substance was cocaine and the confidential informant bought two baggies of cocaine within minutes of each other. In *Smalley*, we relied on *Clifton v. State*, 499 N.E.2d 256, 258 (Ind. 1986), in which circumstantial evidence supported Clifton's conviction of dealing in heroin. Clifton was in possession of seven packages similar to those sold to a confidential informant, and all of those packages were tested at a chemical lab and were determined to be heroin. *Id*. None of the circumstances in *Smalley* or *Clifton* exist in the instant case.

Because the State did not prove the product of the "controlled" buy was heroin, there was not sufficient evidence Bowman committed Class A felony dealing in a narcotic within 1,000 feet of a school. Accordingly, we reverse. [4]

Reversed.

Barnes, J., and Pyle, J., concur.

---

[4] As we reverse Bowman's conviction, his adjudication as a habitual offender must also be reversed. *See Whaley v. State*, 843 N.E.2d 1, 10 n.8 (Ind. Ct. App. 2006) (a habitual offender adjudication is rendered invalid by the reversal of the crime to which it is attached), *trans. denied*.