## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 20 2020, 10:25 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth A. Johnson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Epeards, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 20, 2020 <br><br> Court of Appeals Case No. 19A-CR-2593 <br><br> Appeal from the Greene Circuit Court <br><br> The Honorable Erik C. Allen, Judge <br><br> Trial Court Cause No. 28C01-1901-F4-1 |

**Bailey, Judge.**

# Case Summary

[1] Anthony Epeards ("Epeards") pleaded guilty to Sexual Misconduct with a Minor, as a Level 4 felony,[1] and received a nine-year sentence. He now appeals, arguing that the trial court abused its sentencing discretion by omitting mitigating factors. We affirm.

# Facts and Procedural History

[2] In January 2019, the State charged Epeards with two counts of Level 4 felony Sexual Misconduct with a Minor and one count of Level 5 felony Child Solicitation.[2] A jury trial was scheduled for August 6, 2019, prior to which the count of Child Solicitation was dismissed. On the day of the scheduled jury trial, Epeards and the State reached a plea agreement under which Epeards would plead guilty to one count of Sexual Misconduct with a Minor in exchange for dismissal of the remaining count, with sentencing left to the discretion of the court. The court then held a change-of-plea hearing at which Epeards admitted that, when he was twenty-nine years old, he performed or submitted to sexual intercourse or other sexual conduct with fourteen-year-old H.G. The trial court accepted the plea and entered a judgment of conviction.

---

[1] Ind. Code § 35-42-4-9(a).

[2] I.C. § 35-42-4-6.

[3] A sentencing hearing was held in October 2019. At the hearing, there was evidence that H.G. struggled with depression and confided in Epeards, who was a neighbor of her family member. Epeards and H.G. communicated through an online messaging program. In the messages, Epeards called H.G. his "one and only," Ex. at 22, and his "sexy baby," *id.* at 129. He said that he loved her and missed her. At one point, Epeards told H.G., "I really plan on giving you a way better life as soon as you're able to leave." *Id.* at 22. He told her they would "be able to travel around" and "see stuff and do stuff." *Id.* In another message, Epeards said, "I really hope your feelings for me never change as you get older." *Id.* at 25. He assured H.G. that he was "here forever." *Id.*

[4] Epeards called several witnesses, and elicited testimony that Epeards had been consistently employed and that he was a hard worker and a valued employee.

[5] The court identified two aggravating factors—(1) that Epeards has a criminal history and (2) that he "groomed and took advantage of [H.G.] while she was in a very vulnerable position." App. Vol. II at 18. The trial court assigned "substantial aggravating weight" to the latter aggravating factor. *Id.* The court also identified one mitigating factor—that Epeards chose to plead guilty. The court assigned this mitigating factor minimal weight, noting that Epeards waited to plead guilty until the day of the scheduled trial. Determining that the aggravating factors outweighed the mitigating factor, the court imposed a nine-year sentence, with six years executed and three years suspended to probation.

[6] Epeards now appeals.

# Discussion and Decision

[7] Sentencing is principally a discretionary function, and we give "considerable deference" to the court's decision. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). We review its decision for an abuse of discretion, which "occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court." *Bethea v. State*, 983 N.E.2d 1134, 1139 (Ind. 2013).

[8] In accordance with Indiana Code Section 35-38-1-3, "[b]efore sentencing a person for a felony, the court must conduct a hearing to consider the facts and circumstances relevant to sentencing." If the court identifies aggravating or mitigating circumstances, then the court must enter a "statement of the court's reasons for selecting the sentence that it imposes." I.C. § 35-38-1-3. A court abuses its sentencing discretion by omitting a mitigating circumstance that is "clearly supported by the record and advanced for consideration." *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*. A court need not identify every mitigating circumstance, but it must "identify all *significant* mitigating circumstances." *Id.* at 492-93 (emphasis added). Moreover, a court is not obligated to explain why it did not find a circumstance to be significantly mitigating. *Id.* at 493. Furthermore, "[a]n allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Id.*

[9] Here, the court identified two aggravating factors and one mitigating factor. It imposed an aggravated sentence of nine years, which is within the statutory

range for a Level 4 felony. *See* I.C. § 35-50-2-5.5 (setting forth a sentencing range of two years to twelve years with an advisory sentence of six years).

[10] Epeards briefly suggests—for the first time in his Reply Brief—that the court abused its discretion by failing to consider evidence that Epeards has a helping nature and is a caring friend. Epeards has waived this argument by raising it for the first time in his Reply Brief. *See Bowman v. State*, 51 N.E.3d 1174, 1179-80 (Ind. 2016). Waiver notwithstanding, the circumstances of the offense are that Epeards took advantage of a child who confided in him. Thus, we cannot say the trial court abused its discretion in its treatment of this character evidence.

[11] Epeards chiefly argues that the trial court should have identified an additional mitigating factor—*i.e.*, that Epeards has an "outstanding work ethic" with a "steady record as a productive member of society." Br. of Appellant at 7.

[12] Notably, a court "does not abuse its discretion by declining to find alleged mitigating factors that are 'highly disputable in nature, weight or significance.'" *Jackson v. State*, 973 N.E.2d 1123, 1130-31 (Ind. Ct. App. 2012) (quoting *Rawson v. State*, 865 N.E.2d 1049, 1056 (Ind. Ct. App. 2007), *trans. denied*), *trans. denied*. Moreover, as this Court has previously observed, "[m]any people are gainfully employed such that this would not require the trial court to note it as a mitigating factor." *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003).

[13]     Ultimately, the court acted well within its discretion in rejecting the proposed employment-related mitigating factor. We discern no abuse of discretion here.[3]

[14]     Affirmed.

Crone, J., and Altice, J., concur.

---

[3] To the extent Epeards suggests that the court improperly weighed the aggravating circumstances and the mitigating circumstances, we note that "[t]he relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." *Anglemyer*, 868 N.E.2d at 491.