## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2016, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Vincent C. Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 23, 2016<br><br>Court of Appeals Case No.<br>46A03-1508-CR-1192<br><br>Appeal from the LaPorte Circuit Court<br><br>The Honorable Thomas Alevizos, Judge<br><br>Trial Court Cause No.<br>46C01-1407-FA-239 |

**Crone, Judge.**

# Case Summary

[1] Vincent C. Jones appeals his convictions following a jury trial for one count of class A felony child molesting and two counts of class B felony sexual misconduct with a minor. He contends that the trial court abused its discretion in admitting certain evidence and also in excluding certain evidence. He further asserts that the State presented insufficient evidence to sustain his convictions. Finding no abuse of discretion and concluding that the State presented sufficient evidence, we affirm.

# Facts and Procedural History

[2] When M.K. was eleven years old and in fifth grade, she began living in a trailer with her mother, her two younger siblings, and her mother's boyfriend, Jones, in Westville. M.K.'s mother worked for Westville Liquors and Jones worked as a semi-truck driver. Jones parked his semi-truck cab at a BP gas station across the street from the trailer park. Jones acted as a step-father to M.K. and her siblings, and he babysat the three children while M.K.'s mother was at work. He also often took one or more of the children on work trips with him in his truck. Jones was a strict disciplinarian, but M.K. and Jones had a normal and good relationship, although Jones sometimes seemed to be "nicer" to M.K. than he was to her siblings. Tr. at 64.

[3] When M.K. was thirteen years old and in the seventh grade, her relationship with Jones changed. One day, Jones picked her up after school and told her that they needed to go to his truck in order to clean it. This was an activity that

they had done on prior occasions.  Jones drove M.K. to the BP parking lot where his truck was parked, went inside the gas station briefly, and then took M.K. inside his truck.  Once inside the truck cab, Jones told M.K. to remove her clothes.  M.K. was scared and told Jones that she did not want to.  Jones told her "this has to happen and you'll understand some day why." *Id.* at 69.  Jones then put on a condom that he had purchased at the gas station, and he had sexual intercourse with M.K.  This hurt M.K. and caused her to bleed "really bad." *Id*. at 72.

[4]     On another occasion, when M.K. was fourteen years old, Jones planned to take M.K. and her siblings to "the Pumpkin Fest." *Id*. at 73.  M.K.'s mother was not at home.  Jones called M.K. into her mother's bedroom and threatened that he would not take her or her siblings to the festival until he had anal sex with her.  Jones obtained "lube" from the bedside table, applied it to himself and to M.K., and then had anal sex with M.K. *Id*. at 75.  On yet a subsequent occasion when M.K. was under the age of sixteen, Jones called M.K. into the trailer bathroom, told her to stand facing the bathroom sink and the mirror, and he had sexual intercourse with her from behind.

[5]     M.K. was so embarrassed and scared that she did not report any of these incidents to her mother.  M.K. eventually confided in her friend L.S., after L.S. noticed that M.K. had become distant, quiet, and "just always seemed so sad." *Id*. at 215.  M.K. also told her boyfriend, Kevin, and then finally told her mother that Jones had been molesting her.

When Jones learned that M.K. had told her mother about the molestations, Jones threatened M.K. that he would shoot himself unless she told her mother that it was all a lie. L.S. called the police on M.K.'s behalf, and Jones was arrested. The State charged Jones with one count of class A felony child molesting and two counts of class B felony sexual misconduct with a minor. A jury trial was held in May 2015. The jury found Jones guilty as charged. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in admitting certain evidence.

Jones first challenges the trial court's admission of certain evidence. The trial court is afforded wide discretion in ruling on the admissibility of evidence, and we review its ruling only for an abuse of discretion. *Beasley v. State*, 46 N.E.3d 1232, 1235 (Ind. 2016). "An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights." *Id*. We do not reweigh the evidence, and we consider only the evidence that is either favorable to the ruling or unrefuted evidence favorable to the defendant. *Id*.

Here, the trial court permitted M.K. to testify regarding an uncharged incident between her and her friends and Jones. M.K. testified that, after Jones was initially arrested and released, she and her friend L.S. encountered Jones when they were walking to Dairy Queen. M.K. described the threatening way in

which Jones, who was driving in a van at the time, accelerated toward the two girls. The young girls were scared, so they ran to the front porch of a house and called M.K.'s boyfriend, Kevin, to come pick them up. After Kevin picked the girls up, Jones drove up to the vehicle and tried to "intimidate" Kevin. Tr. at 151. Kevin drove around the block, and Jones drove his van around the block in the wrong direction and almost "hit[]" Kevin's vehicle. *Id.* Kevin backed up and began driving on the main road, and Jones followed. M.K. testified that they were "speeding because [they were] trying to get away." *Id.* M.K. stated that when they were forced to slow down because of traffic, Jones cut his vehicle in front of Kevin's and tried to run them off the road before finally driving away. M.K. stated that the incident was reported to the police.

[9] Jones objected to M.K.'s testimony regarding the incident as inadmissible character evidence pursuant to Indiana Evidence Rule 404(b)(1), which provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The rationale behind Rule 404(b) is that the jury is precluded from making the forbidden inference that prior wrongful conduct suggests present guilt. *Halliburton v. State*, 1 N.E.3d 670, 681 (Ind. 2013). However, the trial court overruled Jones's objection and accepted the State's reasoning that testimony regarding the incident was admissible pursuant to Indiana Evidence Rule 404(b)(2) as evidence of Jones's knowledge of his guilt because Jones was attempting to intimidate or threaten witnesses from testifying against him. *See* Ind. Evidence Rule 404(b)(2)

(permitting the introduction of character evidence for purposes such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.").[1]

[10] In admitting M.K.'s testimony regarding the uncharged incident with Jones, the trial court properly acknowledged the "long standing line of cases holding that 'threats against potential witnesses as attempts to conceal or suppress evidence are admissible as bearing upon knowledge of guilt.'" *Bowman v. State*, No. 21S04-1510-CR-604, 2016 WL 1640365, at *5 (Ind. Apr. 26, 2016) (quoting *Bassett v. State*, 895 N.E.2d 1201, 1211 (Ind. 2008)). Based upon the record before us, we conclude that the trial court was within its discretion in determining that Jones's behavior constituted an attempt to intimidate witnesses to conceal his crimes, which bore upon his knowledge of guilt, and thus the testimony regarding the incident was admissible pursuant to Rule 404(b)(2). Accordingly, the trial court did not abuse its discretion in admitting M.K.'s testimony.

[11] Moreover, any error in the admission of evidence is to be disregarded unless it affects the substantial rights of a party. *Hoglund v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012). In viewing the effect of the evidentiary ruling on a defendant's substantial rights, we look to the probable impact on the factfinder. *Id.* The

---

[1] We note that, prior to trial, the State provided the required notice to Jones that it intended to offer this evidence at trial. *See* Ind. Evidence Rule 404(b)(2)(A) (requiring State to provide reasonable notice of the general nature of any such evidence intended to be offered at trial).

improper admission is harmless error if the conviction is supported by substantial independent evidence of guilt satisfying the reviewing court that there is no substantial likelihood that the challenged evidence contributed to the conviction. *Id*. As we will discuss more fully below, the State presented substantial independent evidence of Jones's guilt such that we are satisfied that there is no substantial likelihood that M.K.'s testimony regarding the uncharged incident involving Jones contributed to his conviction. Thus, any error in the admission of M.K.'s testimony was harmless.

## Section 2 – The trial court did not abuse its discretion in excluding certain evidence.

[12] Jones next challenges the trial court's exclusion of evidence regarding M.K.'s past sexual behavior. Specifically, Jones made an offer to prove that, prior to the molestation allegations here, M.K. was sent to the school counselor for providing oral sex to another student in the bathroom at school.[2] The State objected to the evidence as inadmissible pursuant to Indiana Evidence Rule 412, which, subject to specific listed exceptions, prohibits the admission of "evidence offered to prove that a victim or witness engaged in other sexual behavior" or "evidence offered to prove a victim's or witness's sexual predisposition." The State also alerted the trial court to the fact that Jones

---

[2] Jones also claims that the trial court abused its discretion in excluding additional evidence of other sexual conduct by M.K.; however, Jones did not include that conduct in his offer to prove to the trial court. The failure to make an offer to prove results in a waiver of the asserted evidentiary error. *Cole v. State*, 28 N.E.3d 1126, 1135 (Ind. Ct. App. 2015).

failed to give the required notice of his intent to offer this evidence. *See* Ind. Evidence Rule 412(b)(1) (providing in relevant part that a party intending to offer evidence under Rule 412(b) must file a motion, specifically describing the evidence and stating the purpose for which it is to be offered, at least ten days before trial unless the court, for good cause, sets a different time.). Accordingly, the trial court excluded the evidence.

[13] As stated earlier, we review the trial court's ruling on the admissibility of evidence only for an abuse of discretion. *Beasley*, 46 N.E.3d at 1235. Jones maintains that his proffered evidence was not within the purview of Rule 412 because it was not offered to prove that M.K. engaged in other sexual behavior but instead to show a pattern of general misconduct by M.K. However, the trial court was not persuaded by this argument, and neither are we.[3] We cannot say that the trial court abused its discretion in excluding evidence of M.K.'s other sexual behavior. Additionally, Jones's failure to comply with Evidence Rule 412(b)'s notice requirements would have been another reason to exclude evidence of M.K.'s other sexual behavior at trial and has resulted in waiver of the issue on appeal. *See Johnson v. State*, 6 N.E.3d 491, 499 (Ind. Ct. App. 2014) (holding that defendant's failure to follow Rule 412's procedural requirements precluded introduction of evidence at trial and waived issue on appeal).

---

[3] Although on appeal Jones argues that his proffered evidence is admissible pursuant to Indiana Evidence Rule 412(b)(1)(a), he failed to makes this argument at trial. Accordingly, his claim of error is waived. *See Marcum v. State*, 725 N.E.2d 852, 863 (Ind. 2000) (a party "is limited to the specific grounds argued in the trial court and cannot assert new bases for admissibility for the first time on appeal.").

## Section 3 – The State presented sufficient evidence to sustain Jones's convictions.

[14] Finally, Jones contends that the State presented insufficient evidence to sustain his convictions. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.* In short, if the testimony believed by the trier of fact is enough to support the verdict, then the reviewing court will not disturb the conviction. *Id.* at 500. "A conviction can be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim." *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).

[15] To convict Jones of class A felony child molesting, the State was required to prove that Jones, a person at least twenty-one years of age, knowingly or intentionally performed or submitted to sexual intercourse or deviate sexual conduct with M.K., who was under fourteen years of age. *See* Ind. Code § 35-42-4-3(a)(1).[4] To convict Jones of class B felony sexual misconduct with a minor, the State was required to prove that Jones, a person at least twenty-one years of age, performed or submitted to sexual intercourse or deviate sexual

---

[4] Although this statute has been revised effective July 1, 2014, we refer to the version in effect at the time Jones committed his offenses.

conduct with M.K., who was at least fourteen years of age but less than sixteen years of age. *See* Ind. Code § 35-42-4-9(a)(1).[5]

[16] Here, M.K. testified in sufficient detail regarding multiple incidents of sexual intercourse and anal sex between herself and Jones, at least one incident occurring when she was thirteen years old, and several more occurring when she was under sixteen years old. Indeed, M.K. testified that Jones's penis was uncircumcised, which corroborated her claim that she had seen him naked on the various occasions that he molested her. While Jones attempts to point out various inconsistencies in M.K.'s testimony as well as her inability to recall certain specific details about each incident, Jones is essentially asking us to reweigh the evidence and reassess M.K.'s credibility, which we may not do. It was the jury's prerogative to weigh the evidence and assess credibility, and there is sufficient probative evidence from which a reasonable factfinder could have found Jones guilty of his crimes beyond a reasonable doubt. In sum, the State presented sufficient evidence to sustain Jones's convictions for class A felony child molesting and two counts of class B felony sexual misconduct with a minor, and we affirm the convictions.

[17] Affirmed.

Najam, J., and Robb, J., concur.

---

[5] *See* footnote 3.