## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2016, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas W. Vanes
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher George Gordon,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 16, 2016<br><br>Court of Appeals Case No.<br>45A03-1511-CR-1982<br><br>Appeal from the<br>Lake Superior Court<br><br>The Honorable<br>Salvador Vasquez, Judge<br><br>Trial Court Cause No.<br>45G01-1405-MR-2 |

**Kirsch, Judge.**

[1] Following his guilty plea to voluntary manslaughter as a Class A felony,[1] Christopher George Gordon ("Gordon") appeals his thirty-two-year sentence, contending that it is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] Stephen Davis ("Davis") and others had taunted Gordon during the weeks leading up to May 3, 2014. On that day, Gordon, his girlfriend, and another friend were driving around East Chicago when Gordon spotted Davis walking along the sidewalk. Davis, in turn, saw Gordon and made a gesture toward him. The record before us suggests that "the gesture was like a finger gun." *Tr.* at 39, 48, 55. Gordon became enraged, exited the car armed with a handgun, and chased Davis down the street while firing multiple shots at him. Davis was shot numerous times in the back and died at the scene. Gordon, who was twenty-one years old at the time, was charged with murder.

[4] On July 1, 2015, two weeks prior to the scheduled jury trial, the trial court held a guilty plea hearing to address Gordon's stipulated plea agreement. The terms of the plea agreement, in pertinent part, included: (1) the State's agreement to file an amended information to add voluntary manslaughter as a second count;

---

[1] *See* Ind. Code § 35-42-1-3. We note that, effective July 1, 2014, a new version of this criminal statute was enacted to reflect that voluntary manslaughter is now a Level 2 felony. Because Gordon committed his crime prior to July 1, 2014, we will apply the statute in effect at the time he committed his crime.

(2) Gordon's agreement to plead guilty to voluntary manslaughter with his sentence capped at thirty-five years; and (3) the State's agreement to dismiss the murder count at the time of sentencing. *Appellant's App.* at 74. The trial court accepted Gordon's plea agreement and dismissed the murder count.

[5] During the sentencing hearing, Gordon admitted that he had anger issues. While denying he had any substance abuse issues, Gordon reported that he used marijuana "every day, all day," that his drug of choice was "a form of crystal meth called 'molly,'" that he began using codeine when he was six or seven years old, and that he had used all three drugs on the day he killed Davis. *Id.* at 110. According to his pre-sentence investigation report, Gordon had one conviction for felony criminal trespass in Cook County, Illinois. At the time of sentencing, Gordon had three criminal cases pending, one in the East Chicago City Court for Class A misdemeanor criminal trespass and two in Lake Superior Court, one for Class C misdemeanor operating a motor vehicle without ever receiving a license, and one for Level 6 felony intimidation of a law enforcement officer. Gordon's Risk Assessment System score placed him in the high risk category to reoffend. *Id.* Additionally, while incarcerated in the Lake County Jail for the present offense, Gordon had accumulated twenty "noted Rule Violations." *Id.* at 117.

[6] The trial court found in mitigation that Gordon pleaded guilty and accepted responsibility for his actions. *Id.* at 80. In aggravation of his sentence, the trial court found Gordon's criminal history, the pending charges against him at the time of sentencing, and his failure to take advantage of prior lenient sentences.

*Id.* The trial court committed Gordon to the Department of Correction for a term of thirty-two years. Gordon now appeals.

## Discussion and Decision

[7] Gordon contends that his sentence is inappropriate. Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. "The 7(B) appropriateness inquiry is a discretionary exercise of the appellate court's judgment, not unlike the trial court's discretionary sentencing determination." *Knapp v. State*, 9 N.E.3d 1274, 1291-92 (Ind. 2014), *cert. denied*, 135 S. Ct. 978, 190 L. Ed. 2d 862 (2015) (citation omitted). "On appeal, though, we conduct that review with substantial deference and give due consideration to the trial court's decision—since the principal role of our review is to attempt to leaven the outliers, and not to achieve a perceived correct sentence." *Id.* at 1292 (internal quotation marks omitted). Accordingly, the question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks omitted). It is the defendant's burden on appeal to persuade the reviewing court that the sentence imposed by the trial court is inappropriate. *Chappell v. State*, 966 N.E.2d 124, 133 (Ind. Ct. App. 2012), *trans. denied*.

[8] "'[R]egarding the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed.'" *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016) (quoting *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). The advisory sentence for Class A felony voluntary manslaughter is thirty years. *See* Ind. Code § 35-50-2-4. Here, the trial court imposed a sentence of thirty-two years, a term that was two years more than the advisory sentence for a Class A felony and three years less than the plea agreement cap. Gordon argues that his actions surrounding Davis's death reflected only that he acted while under sudden heat and, since that was an element of voluntary manslaughter, did not warrant a sentence greater than the advisory. We find Gordon's actions reflected more than sudden heat. Gordon was not just reacting to a situation in front of him; instead, Gordon jumped out of a car in reaction to a "gesture," chased down Davis, and shot him multiple times in the back. Gordon's sentence, which is only two years over the advisory, is not inappropriate in light of the nature of the offense.

[9] Gordon also fails to show that his sentence was inappropriate in light of his character. While denying that he had a problem with substance abuse, Gordon reported that he used marijuana "every day, all day," that his drug of choice was "a form of crystal meth called 'molly,'" that he began using codeine when he was six or seven years old, and that he had used all three drugs on the day he killed Davis. *Appellant's App.* at 110. At the time of sentencing, Gordon had one felony conviction for criminal trespass, as well as three pending criminal

cases, one for Class A misdemeanor criminal trespass, one for Class C misdemeanor operating a motor vehicle without ever receiving a license, and one for Level 6 felony intimidation of a law enforcement officer. *Id*. at 107. The trial court found that prior leniency by criminal courts had no deterrent effect on Gordon's criminal behavior. *Id*. at 80. Gordon's Risk Assessment System score placed him in the high risk category to reoffend. *Id*. at 110. Additionally, while incarcerated in the Lake County Jail for the present offense, Gordon had accumulated twenty "noted Rule Violations." *Id*. at 117. Gordon's sentence of thirty-two years is not inappropriate in light of the character of the offender.

[10] Gordon has not met his burden of proving that his sentence is inappropriate in light of the nature of the offense and the character of the offender, and therefore, we decline to revise it under Indiana Appellate Rule 7(B).

[11] Affirmed.

[12] Riley, J., and Pyle, J., concur.