## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 22 2019, 6:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Corina M. Smith, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 22, 2019 <br><br> Court of Appeals Case No. 18A-CR-2258 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven Meyer, Judge <br><br> Trial Court Cause No. 79D02-1707-F5-85 |

**Vaidik, Chief Judge.**

## Case Summary

[1] Corina M. Smith appeals her sentence of five years for trafficking with an inmate, arguing that it is inappropriate in light of the nature of her offense and her character. We disagree and affirm.

# Facts and Procedural History

[2] This case arose from an incident in September 2016 in which Smith was caught mailing a strip or strips of Buprenorphine, a controlled substance, to her boyfriend, Kyle Balser, while he was an inmate at the Tippecanoe County Jail. The State charged her with Level 5 felony trafficking with an inmate, but not until July 2017. In the interim, Smith committed three additional felonies that led to three additional prosecutions: Level 4 felony dealing in methamphetamine in White County in December 2016, *see* Case No. 91D01-1701-F2-19; Level 2 felony conspiracy to commit dealing in methamphetamine in Tippecanoe County in February 2017, *see* Case No. 79D02-1706-F2-13; and Level 6 felony theft in Tippecanoe County in March 2017, *see* Case No. 79D05-1703-F6-216. Appellant's App. Vol. II p. 68.

[3] Smith pled guilty and was sentenced in two of those other cases—F6-216 and F2-19—in 2017. Then, in June 2018, Smith and the State entered into a plea agreement under which Smith agreed to plead guilty as charged in this case and to plead guilty to Level 2 felony conspiracy to commit dealing in methamphetamine and to being a habitual offender in F2-13, with sentencing left to the discretion of the trial court. In this case, the trial court sentenced Smith to five years in the Department of Correction. In F2-13, the court

sentenced Smith to twenty-eight years, to run consecutive to the five years in this case.

[4] Smith has separately appealed her sentences in this case and in F2-13. In this memorandum decision, we address Smith's five-year sentence for trafficking with an inmate. In another memorandum decision issued today, we affirm Smith's twenty-eight-year sentence in F2-13 but remand to the trial court to reconsider whether Smith's sentences in these two cases should run concurrently or consecutively (Judge Altice dissents on the latter issue). *See Corina M. Smith v. State*, 18A-CR-2214 (Ind. Ct. App. Apr. 22, 2019).

# Discussion and Decision

[5] Smith contends that her five-year sentence for trafficking with an inmate is inappropriate and asks us to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of

persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[6] The starting point for determining whether a particular sentence is inappropriate is the advisory sentence set by the legislature. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016). The sentencing range for a Level 5 felony is one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6. Here, the trial court imposed an above-advisory term of five years.

[7] Regarding the nature of her offense, Smith asserts that "although Buprenorphine is a controlled substance, its practical application is for treatment of opioid addiction." Appellant's Br. p. 8. However, she does not dispute that the drug can also be used recreationally. Still, there does not appear to have been anything particularly egregious about Smith's offense as compared to other instances of trafficking with an inmate.

[8] That said, Smith's above-advisory sentence is more than justified by her criminal history, which she fails to discuss beyond noting that it is "non-violent." *Id.* The pre-sentence investigation report, the accuracy of which Smith does not contest, reveals the following. As a teenager, she was adjudicated a delinquent and eventually committed to the Indiana Girls' School for committing forgery, which would have been a felony if committed by an adult. In 1998, Smith was convicted of felony auto theft. In 1999, she was convicted of six counts of misdemeanor check deception. In 2004, she was convicted of five felonies: maintaining an illegal drug lab, possession of stolen

property, and three counts of possession of methamphetamine. In 2011 and 2012, Smith had misdemeanor convictions for purchasing precursors and criminal trespass. Also, as discussed above, Smith committed multiple additional felonies in the months after she was caught trafficking: Level 4 felony dealing in methamphetamine (White County, December 2016); Level 2 felony conspiracy to commit dealing in methamphetamine (Tippecanoe County, February 2017); and Level 6 felony theft (Tippecanoe County, March 2017). Given this sustained history of felonies and other criminal conduct, we cannot say that Smith's sentence is inappropriate.

[9] Affirmed.

Kirsch, J., and Altice, J., concur.