VAIDIK, Judge,
dissenting in part and concurring in part.
I respectfully dissent from the majority’s conclusion that the evidence is sufficient to support Cherry’s conviction for Class B felony aiding, inducing, or causing dealing in heroin. Because I believe that the evidence is insufficient to prove that the substance in the balloons that Quick swallowed was actually heroin, I would reverse Cherry’s conviction.
The identity of a drug is an essential element of a crime that the State must prove beyond a reasonable doubt. As our Supreme Court has explained, the identity of a drug “has long been a metaphysical cornerstone of our criminal law.” Slettvet v. State, 258 Ind. 312, 280 N.E.2d 806, 809 (1972). Generally, the identity of a drug is proven by expert testimony based on chemical analysis. There have been cases, however, where circumstantial evidence has been used to prove the identity of a drug. Clifton v. State, 499 N.E.2d 256, 258 (Ind.1986). For example, in the absence of chemical analysis, police officers, based on their specialized training, can identify a drug. See Halsema v. State, 823 N.E.2d 668, 673 n. 1 (Ind.2005) (“Here, investigating officer Troy Harris testified that he received special training concerning the production, manufacture, and distribution of methamphetamine. The officer explained that the drug is highly addictive, that it can be produced from various household items, and he described the various methods of ingestion. When asked to identify State’s Exhibit # 30, the contents of a plastic evidence bag containing items retrieved from the bedroom dresser drawer, Officer Harris testified, ‘it’s methamphetamine.’ This testimony was sufficient [even in the absence of expert testimony based on chemical analysis].” (citations omitted)); see also Doolin v. State, 970 N.E.2d 785, 790 (Ind.Ct.App.2012) (concluding that the police officer’s experience, training, and personal observations, along with “other circumstantial evidence,” “sufficiently established the identity of the substance as marijuana”). Also in the absence of chemical analysis, someone sufficiently experienced with drugs, such as a drug addict, may testify that the substance is indeed a dangerous drug. 28A C.J.S. Drugs and Narcotics § 415 (2008); see also Clifton, 499 N.E.2d at 258. In those cases, the testimony of long-time addicts that their physiological and psychological reactions after the use of a particular substance was the same as they had previously experienced from the use of narcotics will sustain a finding that the substance used by such addicts in fact contained a narcotic drug. 28A C.J.S. at § 415.
Neither, however, happened in this case. Although the lab report was initially admitted into evidence, the trial court later withdrew it because of chain-of-custody problems for the heroin. Quick testified at *735 trial that the substance in the balloons was tar heroin. Tr. p. 155-56, 158. Tar heroin is usually packaged in balloons. Id. at 78. When asked how he knew it was heroin, Quick responded because he “purchased” it from a dealer in Indianapolis and was “told” that it was heroin. Id. at 158, 177. Quick admitted, however, that he did not know what was inside the balloons because he never opened them either before or after they passed through his digestive system at the hospital. Id. at 158-59. Quick explained that on at least one occasion when he bought from this same dealer, he was told that it was heroin, but it was not. Id. at 188.
As the majority points out, Cherry admitted to police that he supplied heroin to Quick. Regardless of this fact, Cherry testified at trial that he did not know that Quick had heroin on him that particular day, and Cherry never admitted that the substance in the balloons that Quick swallowed was heroin. Simply put, there was no testimony in this case of someone sufficiently experienced with the drug indicating that the substance in the balloons was indeed a dangerous drug. See Halsema, 823 N.E.2d at 673 n. 1; Slettvet, 280 N.E.2d at 808. No police officer identified the substance in the balloons as heroin. And even though Quick and Cherry may have been hard-core heroin junkies, because Quick and Cherry never tested or even saw the substance in the balloons, there was no testimony in this case that the substance in the balloons was actually heroin. I would therefore reverse Cherry’s conviction for Class B felony aiding, inducing, or causing dealing in heroin. I otherwise concur with the majority as to Cherry’s conviction and sentence for Class D felony unlawful possession of a syringe.