## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 23 2016, 7:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Evan K. Hammond
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William McCormick,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 23, 2016

Court of Appeals Case No.
27A02-1601-CR-88

Appeal from the Grant Superior Court

The Honorable Dana J. Kenworthy, Judge

Trial Court Cause Nos.
27D02-1303-FB-30 and 27D02-1204-FD-90

**Crone, Judge.**

# Case Summary

[1] William McCormick appeals his conviction for class B felony dealing in a schedule II controlled substance. The sole issue presented for our review is whether the State presented sufficient evidence to sustain the conviction. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

[2] On September 28, 2012, Marion Police Department Detectives Jason Thomas and Mark Stefanatos were working as part of the JEAN Team Drug Task Force. A confidential informant ('CI") contacted supervising Detective Stefanatos and told him that McCormick would sell the CI pills. The CI was given purchase money and paired with Detective Thomas, an undercover officer, to make a controlled buy. Detective Thomas fitted himself with electronic surveillance equipment before accompanying the CI to the address of the apartment where McCormick lived. Detective Stefanatos positioned himself at a gas station across the street from the building so that he could observe.

[3] When Detective Thomas and the CI arrived at the address, they encountered McCormick out in front of the building. McCormick stated that "he knew" Detective Thomas. Tr. at 14. Detective Thomas told McCormick that he did not think that they knew each other and asked McCormick what his name was. McCormick replied, "Bill McCormick," and showed Detective Thomas an I.D. card with his name and picture. *Id*. The CI and McCormick entered

McCormick's apartment while Detective Thomas stayed on the sidewalk. Although the door of the apartment remained open, Detective Thomas "could not see them the whole time, but [he] did see Mr. McCormick handing something to the informant." *Id*. at 15.

[4] Detective Thomas and the CI subsequently left and met Detective Stefanatos at a prearranged meeting place. The CI gave Detective Stefanatos pills that he had purchased from McCormick. He gave Detective Stefanatos five oblong yellow pills with a "V" inscribed on one side and "36/01" on the other. *Id*. at 45-46; State's Ex. 3. Detective Stefanatos then asked Detective Thomas if he would feel comfortable making a second purchase from McCormick. Detective Thomas agreed to go back with the CI to make another purchase from McCormick. Detective Stefanatos gave Detective Thomas twenty dollars to make the second purchase.

[5] When Detective Thomas and the CI arrived back at McCormick's building, they again met McCormick outside on the sidewalk. The CI asked McCormick if he had any more of the pills that he had sold to them earlier. McCormick initially stated that he did not but then immediately stated that he did, as though he had been joking with the CI about not having any. Both Detective Thomas and the CI followed McCormick into his apartment. Detective Thomas informed McCormick that he had twenty dollars, and McCormick told Detective Thomas that he could buy four ten-milligram yellow "Norcos." Tr. at 19. Detective Thomas gave McCormick a $20 bill, and McCormick handed him four oblong shaped yellow pills with a "V" on one side and "36/10" on the

other.  *Id.* at 49; State's Ex. 2.  Detective Thomas and the CI then left and returned to the prearranged meeting place to give Detective Stefanatos the pills.

[6] The State subsequently charged McCormick with class B felony dealing in a schedule II controlled substance.  Following a trial, the jury found McCormick guilty as charged.  This appeal ensued.

## Discussion and Decision

[7] McCormick challenges the sufficiency of the evidence to support his conviction.  When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility.  *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015).  We look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt.  *Id.*  In short, if the testimony believed by the trier of fact is enough to support the verdict, then the reviewing court will not disturb the conviction.  *Id.* at 500.

[8] To prove that McCormick committed class B felony dealing in a schedule II controlled substance, the State was required to prove that McCormick knowingly or intentionally delivered a controlled substance, pure or adulterated, classified in schedule II.  *See* Ind. Code § 35-48-4-2(a).  Indiana Code Section 35-48-2-6(b)(1)(K) classifies hydrocodone as a schedule II controlled substance.

[9]     McCormick's sole assertion on appeal is that the State provided insufficient evidence to prove the identity of the drug that he sold as hydrocodone. It is well settled that "the identity of a drug can be proven by circumstantial evidence." *Clifton v. State,* 499 N.E.2d 256, 258 (Ind. 1986). Indeed, "[t]he opinion of someone sufficiently experienced with the drug may establish its identity, as may other circumstantial evidence." *Vasquez v. State,* 741 N.E.2d 1214, 1216 (Ind. 2001).

[10]    Here, both Detectives Thomas and Stefanatos identified the pills sold by McCormick as hydrocodone. Detective Thomas testified that, in his experience in prior drug investigations, he had seen hydrocodone pills just like the ones sold to him by McCormick. He further stated that he verified the identity of the pills by looking them up on "drugs.com" and in the "Drug Bible." Tr. at 20. Similarly, Detective Stefanatos testified that he was personally familiar with the appearance of hydrocodone pills based upon his training and prior experience, and that he also confirmed the identification of the pills sold by McCormick on drugs.com. Moreover, McCormick himself referred to the pills as "Norcos," which Detective Thomas recognized as the brand name for pills containing hydrocodone and acetaminophen. *Id.* at 19.[1] This evidence was more than sufficient to prove the identity of the drug that McCormick sold as hydrocodone. *See, e.g.*, *Halsema v. State,* 823 N.E.2d 668, 673 n.1 (Ind. 2005)

---

[1] As noted by the State, the actual pills delivered by McCormick were admitted into evidence, as was the entry from drugs.com for acetaminophen and hydrocodone bitartrate, which provided a visual depiction of the pills.

(holding that testimony of officer trained to identify methamphetamine was alone sufficient evidence that substance at issue was methamphetamine); *Boggs v. State,* 928 N.E.2d 855, 865 (Ind. Ct. App. 2010) (holding that testimony of officers trained and experienced in identifying drug was alone sufficient evidence of identity of drug), *trans. denied*. We conclude that the State presented sufficient evidence to support McCormick's conviction. Therefore, we affirm.

[11] Affirmed.

Kirsch, J., and May, J., concur.