## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 29 2016, 9:01 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Vakea Johnson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 29, 2016 <br><br> Court of Appeals Case No. 49A02-1602-CR-337 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Linda E. Brown, Judge <br><br> Trial Court Cause No. 49G10-1407-CM-36595 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Vakea Johnson was convicted of Class A misdemeanor battery. Johnson appeals, raising the sole issue of whether the evidence is sufficient to support her conviction. Concluding the evidence is sufficient, we affirm.

# Facts and Procedural History

[2] The facts most favorable to the verdict reveal Johnson and Amelia Knight both worked at an Indianapolis daycare. On July 9, 2014, the daycare manager unexpectedly called Knight on her day off to arrange a meeting. When Knight arrived at the daycare, there were around six or seven people waiting in the conference room, including Johnson, Johnson's mother Ms. Starks, and Johnson's sister Kiesha Johnson. The manager called the meeting to investigate an incident involving Knight and Johnson's nephew, a child cared for by the daycare. Knight allegedly grabbed Johnson's nephew's arm and scratched him. During the meeting, Starks became irritated and struck Knight, knocking her to the ground. Knight testified she tried to stand up, but Johnson hit her face with a "[c]losed fist" and then "fist[s] start[ed] flying everywhere." Transcript at 15. During the fight, Knight sustained bruises and scratches to her head, neck, and chest. Shortly thereafter, Officer Christopher Cooper of the Indianapolis Metropolitan Police Department arrived at the daycare. By this time, Johnson had left and only Knight, Starks, and the daycare manager remained.

[3] The State charged Johnson with battery resulting in bodily injury, a Class A misdemeanor.[1] At trial, Johnson took the stand in her own defense and testified she stayed home on July 9, 2014 and was never present at the daycare. The trial court found Johnson guilty as charged and entered judgment of conviction. The trial court sentenced Johnson to 365 days; ordering Johnson to serve 180 days in home detention, suspending 183 days to probation, and awarding Johnson two days of credit time. The trial court also ordered Johnson to attend an anger management course and complete twenty-four hours of community service. Johnson now appeals.

# Discussion and Decision

## I. Standard of Review

[4] When reviewing the sufficiency of the evidence to support a conviction, appellate courts are "markedly deferential to the outcome below." *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016). We will neither reweigh the evidence nor re-examine witness credibility, and we "must consider only the probative evidence and reasonable inferences *supporting* the verdict." *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007) (emphasis in original) (citation omitted). When appellate courts are confronted with conflicting evidence, they must consider it "most favorably to the trial court's ruling." *Id.* (citation omitted). Appellate

---

[1] The State also filed charges against Starks; however, those charges were dismissed.

courts will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000).

## II. Sufficiency of the Evidence

[5]     To convict Johnson of battery, the State was required to prove she knowingly or intentionally touched Knight in a "rude, insolent, or angry manner." Ind. Code § 35-42-2-1(b)(1) (2014). The offense is a Class A misdemeanor if it results in bodily injury to another person. Ind. Code § 35-42-2-1(c) (2014). "'Bodily injury' means any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29. At trial, Knight testified Johnson struck her face with her fist. She also testified she sustained several injuries to her face, neck, and chest, and that those injuries caused her pain. Although Johnson denied she was present at the daycare on July 9, 2014, the trial court clearly did not find her credible.

[6]     Johnson argues her testimony denying her presence at the daycare center creates reasonable doubt about her guilt. Johnson essentially asks that we assess witness credibility and reweigh the evidence in her favor, which is the role of the fact-finder, not the role of this court. *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005). The trial court specifically stated, "[t]his case comes down to witness credibility. I find that the State has met its burden beyond a reasonable doubt." Tr. at 39. Further, Knight's testimony constituted sufficient evidence to support Johnson's conviction. *See Lay v. State*, 933 N.E.2d 38, 42 (Ind. Ct.

App. 2010) (noting a conviction may be sustained by the uncorroborated testimony of a single witness or victim), *trans. denied*.  Accordingly, we find no reason to disturb Johnson's conviction.

# Conclusion

The evidence presented at trial is sufficient to support Johnson's conviction. We therefore affirm.

Affirmed.

Mathias, J., and Brown, J., concur.