ATTORNEY FOR APPELLANT
Mark K. Leeman
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Stephen R. Creason
Richard C. Webster
Deputy Attorneys General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**
Sep 14 2016, 12:26 pm
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 09S02-1609-CR-484

KYLE BESS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Cass Superior Court, No. 09D02-1502-F5-14
The Honorable Richard A. Maughmer, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 09A02-1512-CR-2311

**September 14, 2016**

**Per Curiam.**

Kyle Bess asked his 14-year-old niece to give him a lap dance, she declined, but Bess then had her sit on his lap while he kissed her on the cheek and tickled her. Bess pleaded guilty to one count of child solicitation as a Level 5 felony, which carried a sentencing range of one to six years, with three years being the advisory sentence. The trial court found Bess's guilty plea, lack of criminal history, and the undue hardship incarceration would place on his family as mitigating

factors. It found as aggravating factors the fact that Bess blamed his niece for contributing to the crime and that he violated a position of trust. The trial court sentenced Bess to the advisory sentence—three years executed in the Department of Correction.

Bess appealed his sentence. A Court of Appeals majority found his fully-executed sentence inappropriate under Indiana Appellate Rule 7(B). The majority ordered that Bess be released from incarceration and serve the remainder of the three-year sentence on supervised probation. Bess v. State, No. 09A02-1512-CR-2311 (Ind. Ct. App. June 15, 2016). Judge Pyle dissented, believing Bess's advisory sentence not inappropriate. Id. at 7-9 (Pyle, J., dissenting). The State seeks transfer.

The authority granted by article 7, section 4 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Indiana Appellate Rule 7(B). Under this rule and as interpreted by case law, appellate courts may revise sentences—after due consideration of the trial court's decision—if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *See* Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Our collective judgment is that the sentence imposed by the trial court in this case is not inappropriate under Appellate Rule 7(B) and does not warrant appellate revision. Accordingly, we grant transfer, *see* Ind. Appellate Rule 58(A), and affirm the sentence imposed by the trial court.

All Justices concur.

2