## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 16 2018, 10:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Teal,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 16, 2018

Court of Appeals Case No.
49A04-1709-CR-2029

Appeal from the Marion Superior Court

The Honorable Steven J. Rubick, Magistrate

Trial Court Cause No.
49G01-1508-F4-30444

**Bailey, Judge.**

# Case Summary

[1] Robert Teal ("Teal") challenges the sentence imposed upon his conviction of Child Molesting, as a Class C felony.[1] He presents the sole issue of whether the sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] In 2013, Teal was an overnight guest in the home of a long-time friend when he approached the daughter of another guest, seven-year-old A.B., while A.B. was asleep on the sofa. Teal touched A.B. underneath her panties, on her buttocks, and on her vagina. A.B. escaped and ran upstairs to her father's room but did not tell anyone about the incident for a few years.

[3] Eventually, A.B. reported that incident, and a subsequent alleged molestation, to her mother. On September 11, 2015, the State charged Teal with two counts of Child Molesting. A jury trial was conducted on July 19, 2017. Teal was acquitted of one charge but found guilty of the molestation when A.B. was seven. On August 8, 2017, the trial court sentenced Teal to three years imprisonment, with two years to be executed in the Indiana Department of Correction ("the DOC") and one year to be suspended to sex offender probation. Teal now appeals.

---

[1] Ind. Code § 35-42-4-3(b) (2012).

# Discussion and Decision

[4]    At the time of Teal's offense, Indiana Code Section 35-50-2-6 provided that a person convicted of a Class C felony was subject to a sentencing range of between two years and eight years. The advisory sentence was four years imprisonment. Accordingly, Teal received a sentence less than the advisory.

[5]    Teal articulates his appellate issue as "whether suspending the remainder of [his] sentence is appropriate under Ind. Appellate Rule 7(B)." Appellant's Brief at 4. However, this does not comport with our standard of review. As explained by our Indiana Supreme Court, the question is not whether another sentence is more appropriate, but rather, whether the sentence imposed is inappropriate:

> Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007). The burden is on the defendant to persuade us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

*Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). Ultimately, whether a sentence is inappropriate turns upon the defendant's culpability, the severity of the crime, the damage done to others, and a myriad of other factors that may be

found in a given case. *Parks v. State*, 22 N.E.3d 552, 555 (Ind. 2014). The principal role of appellate review is to attempt to leaven the outliers. *Bess v. State*, 58 N.E.3d 174, 175 (Ind. 2016). Teal does not challenge the length of his sentence, but challenges his placement in the DOC. According to Teal, he would have been well-served by "substance abuse and job training programs at the Duvall Residential Center, a community corrections work release facility, if the trial court had seen fit to place him there." Appellant's Brief at 8.

[6] The location where a sentence is to be served is an appropriate focus for our review and revise authority. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). However, it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate. *Id.* This is because, as we have already observed, the question is whether the sentence imposed is inappropriate and not whether a different sentence would have been more appropriate. *Id.* A defendant challenging his placement must convince us that the placement itself is inappropriate. *Id.* "As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. For example, a court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale." *Id.* (internal citation omitted.)

[7] The nature of Teal's offense is that he approached a sleeping child, only seven years old, and fondled her. Despite Teal's efforts at concealment, the victim awoke and ran to her father's room. As for Teal's character, he has no history of criminal convictions and he has been consistently employed. The trial court

imposed a lenient sentence, one year less than the advisory and including a one-year suspension to probation. Teal merely argues that his sentence should have been fully suspended, such that he would not be placed in the DOC for any period of time. He has not persuaded us that the sentence is inappropriate.

# Conclusion

[8] Consideration of the nature of Teal's offense and his character does not warrant sentence revision.

[9] Affirmed.

Crone, J., and Brown, J., concur.