## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 09 2019, 8:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin T. Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 9, 2019

Court of Appeals Case No.
19A-CR-427

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1806-F4-25

**Mathias, Judge.**

[1]     Kevin T. Jones ("Jones") was convicted in Tippecanoe Superior Court of Level 4 felony unlawful possession of a firearm by a serious violent felon and Class B

misdemeanor possession of marijuana. Jones appeals his aggregate seven-year sentence, with five years executed and two years suspended to supervised probation, claiming that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

During a traffic stop on May 4, 2018, an Indiana State Trooper discovered a loaded handgun and over 41 grams of marijuana in Jones's vehicle. On June 15, 2018, Jones was charged with Level 4 felony unlawful possession of a firearm by a serious violent felon, Level 5 felony carrying a handgun without a license, Level 6 felony possession of marijuana, Class A misdemeanor carrying a handgun without a license, and Class B misdemeanor possession of marijuana.

On December 18, 2018, Jones agreed to plead guilty to Level 4 felony unlawful possession of a firearm by a serious violent felon and Class B misdemeanor possession of marijuana.[1] The plea agreement did not provide for a term of sentence for either offense, but did stipulate that the sentences for each count would run concurrently.

---

[1] The remaining charges were dismissed.

[5] The trial court accepted Jones's plea, and his sentencing hearing was held on January 28, 2019. The trial court found several mitigating factors: Jones's guilty plea, that he cooperated with law enforcement at the time of his offense, his health issues, his remorse, and Jones's family and community support. However, the court found that the last mitigating factor was diminished by Jones's $64,000 child support arrearage. The trial court considered Jones's criminal history, his prior probation revocations, and that the firearm was loaded as aggravating factors.

[6] The trial court found that the aggravating circumstances outweighed the mitigating circumstances. Therefore, for the Level 4 felony unlawful possession of a firearm by a serious violent felon conviction, the court ordered Jones to serve seven years, with five years executed and two years suspended to supervised probation, and a concurrent term of 180 days for the Class B misdemeanor possession of marijuana conviction. Jones now appeals.

## Discussion and Decision

[7] Jones claims that his aggregate seven-year sentence, with five years executed and two years suspended to supervised probation, is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[8]     In conducting our review, our principal role is to leaven the outliers, focusing on the length of the aggregate sentence and how it is to be served. *Bess v. State*, 58 N.E.3d 174, 175 (Ind. 2016); *Foutch v. State*, 53 N.E.3d 577, 580 (Ind. Ct. App. 2016). This allows for consideration of all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community corrections, and whether the sentences run concurrently or consecutively. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). We do "not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Foutch*, 53 N.E.3d at 581 (quoting *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*). The defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016).

[9]     The sentencing range for Jones's Level 4 felony conviction was between two and twelve years, with the advisory sentence being six years. *See* Ind. Code § 35-50-2-5.5. Jones was ordered to serve seven years with two years suspended to probation. The trial court also imposed a maximum, but concurrent, 180-day sentence for the Class B misdemeanor conviction. *See* Ind. Code § 35-50-3-3.

[10]    When we consider the nature of Jones's offenses, "the advisory sentence is the starting point the Indiana Legislature has selected as an appropriate sentence[.]" *Green v. State*, 65 N.E.3d 620, 637–38 (Ind. Ct. App. 2016), *trans. denied*. When a sentence deviates from an advisory sentence, we consider whether there is

anything more or less egregious about the offense as committed by the defendant that "makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *Holloway v. State*, 950 N.E.2d 803, 806–07 (Ind. Ct. App. 2011). In this case, Jones's offenses were not significantly more egregious than the typical unlawful possession of a firearm by a serious violent felon offense or possession of marijuana offense. However, the handgun was loaded, and 41.48 grams is not an insignificant amount of marijuana.

[11] While those facts might support a sentence slightly more than the advisory, the trial court's decision to impose a sentence one year more than the advisory is more than supported by the character of the offender. Jones's prior criminal history spans nearly twenty years. Jones has been convicted of theft, driving while suspended, possession of cocaine (three separate felony convictions), receiving stolen property, and possession of a handgun without a permit. Jones engaged in similar criminal activity in this case as he has in the past, i.e., handgun and drug offenses. In prior causes, he also failed to successfully complete probation, and his probation was twice revoked. Finally, even though he was employed for many years, he has amassed a $64,000 child support arrearage for his two minor children.

[12] The fact that Jones was ordered to serve only one more year than the advisory sentence, and one year less than the advisory in executed time, is reflected in the fact that he cooperated with law enforcement, pleaded guilty, is in poor health, and expressed remorse for his offenses.

[13] For all of these reasons, we conclude that Jones's aggregate seven-year sentence, with five years executed and two years suspended to supervised probation, is not inappropriate in light of the nature of the offense and the character of the offender.

[14] Affirmed.

Robb, J., and Pyle, J., concur.