## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2019, 7:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Andrew Goodridge
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Biggs,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 31, 2019<br><br>Court of Appeals Case No.<br>19A-CR-866<br><br>Appeal from the Vanderburgh<br>Circuit Court<br><br>The Honorable Carl A. Heldt,<br>Senior Judge<br><br>The Honorable Michael J. Cox,<br>Magistrate<br><br>Trial Court Cause No.<br>82C01-1809-F5-6235 |

**Crone, Judge.**

## Case Summary

[1] Following a guilty plea, Christopher Biggs was sentenced to 1000 days executed for level 5 felony failure to register as a sex offender. He appeals his sentence pursuant to Indiana Appellate Rule 7(B). Finding that he has failed to meet his burden of demonstrating that his sentence is inappropriate in light of the nature of the offense and his character, we affirm.

## Facts and Procedural History

[2] In 2008, Biggs was convicted of class D felony sexual battery. As a result of his conviction, he was required to register as a sex offender pursuant to Indiana Code Section 11-8-8-17. He executed the registration forms acknowledging his awareness of his obligations and duties to register and to re-register in the event of an address change. In 2010, 2012, and 2017, he accumulated felony convictions for failure to register as required by the statute. In August 2018, a law enforcement officer went to Biggs's most recent registered address and was informed by the current residents that Biggs had moved out three months before. Biggs's whereabouts were unknown until September 14, 2018, when he was arrested for failure to notify the sheriff's department of his address change within seventy-two hours of such change. Ind. Code § 11-8-8-11.

[3] The State charged Biggs with level 5 felony failure to register as a sex or violent offender (with prior conviction for the same), level 6 felony failure to register as a sex or violent offender, and a habitual offender enhancement. Biggs agreed to plead guilty, without a written plea agreement, to the level 5 and level 6 felonies

in exchange for the dismissal of the habitual offender count. The trial court merged the level 6 felony conviction and entered judgment only on the level 5 felony count. The court sentenced Biggs to 1000 days executed. Biggs now appeals his sentence. Additional facts will be provided as necessary.

## Discussion and Decision

[4] Biggs asks that we reduce his sentence pursuant to Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). When a defendant requests appellate review and revision of his sentence, we have the power to affirm or reduce the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). In conducting our review, our principal role is to leaven the outliers, focusing on the length of the sentence and how it is to be served. *Bess v. State*, 58 N.E.3d 174, 175 (Ind. 2016); *Foutch v. State*, 53 N.E.3d 577, 580 (Ind. Ct. App. 2016). We do "not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Id*. at 581 (quoting *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied* (2014)). The defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016).

[5]     In considering the nature of Biggs's offenses, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Green v. State*, 65 N.E.3d 620, 637-38 (Ind. Ct. App. 2016), *trans. denied* (2017). Biggs was convicted of level 5 felony failure to register as a sex or violent offender. *See* Ind. Code § 11-8-8-17(a) ("A sex or violent offender who knowingly or intentionally … fails to register" when, how, and where the statute requires, "makes a material misstatement or omission while registering," or "does not reside at [his] registered address or location" commits a level 6 felony). Biggs's previous unrelated convictions for failure to register as a sex offender account for the elevation of his current offense from a level 6 felony to a level 5 felony. *See* Ind. Code § 11-8-8-17(b) (failure to register as a sex offender is level 5 felony if offender has a prior unrelated conviction for an offense under the same section). A level 5 felony carries a sentencing range of one to six years with an advisory term of three years. Ind. Code § 35-50-2-6.

[6]     Here, Biggs was sentenced to 1000 days, or approximately 2.74 years. "[A] defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*. Biggs's burden is even greater here, because his sentence is approximately three months below the advisory term. He has not met that heavy burden. The only relevant detail of his status offense is that he moved and did not register his change of address for three months, well past the seventy-two-hour window for doing so.

Ind. Code § 11-8-8-11. The nature of Biggs's offense simply does not militate toward a reduced sentence.

[7] Nor does Biggs's character. We conduct our review of his character by engaging in a broad consideration of his qualities. *Aslinger v. State*, 2 N.E.3d 84, 95 (Ind. Ct. App. 2014), *clarified on other grounds on reh'g*, 11 N.E.3d 571. "When considering the character of the offender, one relevant fact is the defendant's criminal history." *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied* (2016). Biggs's criminal record is extensive and spans three decades. In addition to his four felony convictions for failure to register as a sex offender, he has convictions for class D felony sexual battery (which triggered the registration requirement), class C felony burglary, class D felony theft, and misdemeanor convictions for sexual battery, conversion, marijuana possession, false informing, and driving without a license. He has one probation revocation, and the probation department rated him as a high risk to re-offend. Appellant's App. Vol. 2 at 32. His guilty plea saved the State the expense of a trial, but it also benefited Biggs in the form of a dismissal of his habitual offender count.

[8] To the extent that Biggs relies on his low mental aptitude scores as an excuse or explanation for his failure to register as required by statute, we note that the

trial court read the psychologist's report provided by Biggs,[1] considered the information during sentencing, and concluded that Biggs is "low functioning." Tr. Vol. 2 at 18. However, the court also emphasized the psychologist's conclusion that Biggs "is capable of understanding the difference between right and wrong and obeying the rules." *Id.* While we sympathize with those who suffer from attention deficits, we reject Biggs's characterization of his 1000-day sentence as a "de facto sentence of 'life imprisonment on an installment plan.'" Appellant's Br. at 12. Biggs has failed to meet his burden of demonstrating that his sentence is inappropriate. Consequently, we affirm.

[9]     Affirmed.

Baker, J., and Kirsch, J., concur.

---

[1] Neither the psychologist's report nor any other documents pertaining to Biggs's mental diagnosis is included in the record below as an exhibit or in the presentence investigation report. As such, we have no basis for including them in our review, except for certain statements included in the sentencing transcript.