# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 13 2019, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chad A. Montgomery
Montgomery Law Office, LLC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert J. Love,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 13, 2019<br><br>Court of Appeals Case No.<br>19A-CR-885<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Steven P. Meyer,<br>Judge<br><br>Trial Court Cause No.<br>79D02-1806-F5-111 |

**Mathias, Judge.**

[1] Robert J. Love ("Love") pleaded guilty in Tippecanoe Superior Court to Level 5 felony child exploitation and three counts of Level 6 felony possession of

child pornography. Love appeals his aggregate six-year sentence, with eighteen months suspended to probation, and argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] In September 2017, as a result of a tip from the National Center for Missing and Exploited Children, the West Lafayette Police Department began investigating a cloud storage service account associated with the email address redheadboi21@gmail.com. The user associated with the account, later identified as Love, had uploaded multiple images and videos of child pornography. The investigating officers confirmed that the images and videos depicted prepubescent boys and girls exposing themselves or engaging in sex acts.

[4] On November 8, 2017, detectives executed a search warrant at Love's home. Multiple electronic devices were seized including a laptop, two cell phones, and an external hard drive. Numerous images and videos depicting children engaged in sex acts were discovered on Love's electronic devices. Love admitted that he and his husband viewed, electronically stored, and sent to other persons images and videos of children involved in sexual activity.

[5] From January 2017 to November 2017, Love electronically exchanged images of child pornography with multiple users. Love also solicited images from at least ten different children via a social media chat application. Love knew that

the children were under eighteen years old. Love also sent nude photos of himself to S.W., a sixteen-year-old boy, and the child sent nude images of himself at Love's request. Love and S.W. also participated in phone sex with each other.

[6] On June 21, 2018, the State charged Love with Level 5 felony child solicitation, Level 5 felony possession of child pornography with an aggravating factor, three counts of Level 5 felony child exploitation, and six counts of Level 6 felony possession of child pornography. On February 8, 2019, Love pleaded guilty to one count of Level 5 felony child exploitation against victim S.W. and three counts of Level 6 felony possession of child pornography. The remaining seven counts were dismissed. Love agreed that the minimum executed portion of his sentence would be at least four years, and the maximum executed time would be seven years.

[7] At the sentencing hearing, the trial court considering the following aggravating circumstances: the overall seriousness and circumstances of the offenses, the significant amount of pornography in Love's possession, Love's attempts to electronically conceal his identity, and the young age of the children in the videos and images. The trial court considered Love's guilty plea, employment history, family support, lack of a prior criminal history, participation in jail programs, and expression of remorse as mitigating circumstances. The court concluded that the aggravating circumstances outweighed the mitigating circumstances.

[8] The court ordered Love to serve four years for the Level 5 felony conviction and for the Level 6 felony convictions, concurrent terms of two years, with eighteen months suspended to probation. As required by the plea agreement, the trial court ordered the sentence for Level 5 felony child exploitation to be served consecutive to the concurrent sentences imposed for the three Level 6 felony possession of child pornography convictions. Love now appeals.

## Discussion and Decision

[9] Love appeals his aggregate six-year sentence and argues that it is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B) states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[10] In conducting our review, our principal role is to leaven the outliers, focusing on the length of the aggregate sentence and how it is to be served. *Bess v. State*, 58 N.E.3d 174, 175 (Ind. 2016); *Foutch v. State*, 53 N.E.3d 577, 580 (Ind. Ct. App. 2016). This allows for consideration of all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community corrections, and whether the sentences run concurrently or consecutively. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). We do "not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is

'inappropriate.'" *Foutch*, 53 N.E.3d at 581 (quoting *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*). The defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016).

[11] The sentencing range for Love's Level 5 felony conviction was between one and six years, with the advisory sentence being three years. *See* Ind. Code § 35-50-2-6. The sentencing range for Love's Level 6 felony convictions was between six months and two and one-half years, with the advisory sentence being one year. Love's four-year sentence for the Level 5 felony conviction and his two-year sentence, with eighteen months suspended to probation, for each Level 6 felony conviction, are just slightly more than the advisory sentences. And the executed portion of Love's sentence is just six months more than the minimum four years executed that Love agreed to serve in the Department of Correction.

[12] When we consider the nature of Love's offenses, "the advisory sentence is the starting point the Indiana Legislature has selected as an appropriate sentence[.]" *Green v. State*, 65 N.E.3d 620, 637–38 (Ind. Ct. App. 2016), *trans. denied*. When a sentence deviates from an advisory sentence, we consider whether there is anything more or less egregious about the offense as committed by the defendant that "makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *Holloway v. State*, 950 N.E.2d 803, 806–07 (Ind. Ct. App. 2011).

[13]  For approximately six months, Love sent nude images of himself to sixteen-year-old S.W., he requested nude images of S.W., and engaged in phone sex with S.W. because he thought S.W. might become his boyfriend. Although they never met in person, Love and S.W. discussed the possibility. Love also possessed numerous images and videos of children as young as three years old engaged in sex acts with other children or adults. Love electronically organized and categorized the images and videos in folders on his hard drive and laptop. Love traded these images and videos with others on social media applications. Love used his husband's email account to obtain or share the pornographic images and videos in an attempt to conceal his identity. These facts lead us to conclude that Love's offenses are more egregious than the typical offenses described in the relevant statutes.

[14]  Love admitted that he began looking for child pornography on the internet approximately eighteen months before detectives began their investigation. Although Love admitted to his offenses and expressed remorse at the sentencing hearing, he initially reported to probation that there were no victims of his offenses. Love did not appreciate the wrongfulness of his conduct and stated he used child pornography for sexual gratification. He also implied that the exploited children depicted in the images and videos were willing participants. Tr. p. 37. These facts reflect poorly on Love's character.

[15]  After considering the nature of Love's offenses and his character, Love has not persuaded us that his aggregate six-year sentence, with eighteen months suspended to probation, is inappropriate.

Affirmed.

Robb, J., and Pyle, J., concur.